| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC**<br>Abbas Kazerounian, Esq. (SBN: 249203)<br>ak@kazlg.com<br>Matthew M. Loker, Esq. (SBN: 279939)<br>ml@kazlg.com<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523 | **CONNAGHAN NEWBERRY**<br>Tara D. Newberry, Esq. (SBN: 249290)<br>tnewberry@cnlawlv.com<br>7854 W. Sahara Avenue<br>Las Vegas, NV 89117<br>Telephone: (702) 608-4232<br>Facsimile: (702) 946-1830 |

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs*,
Danielle McCutcheon and Geoffrey Needham

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIELLE MCCUTCHEON and GEOFFREY NEEDHAM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**PINNACLE RECOVERY, INC.,**<br><br>Defendant. | Case No.: '15CV261 L    RBB<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>(1) **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>(2) **WASHINGTON STATE COLLECTION AGENCY ACT, RCW 19.16 ET SEQ.**<br><br>(3) **WASHINGTON'S CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. DANIELLE MCCUTCHEON and GEOFFREY NEEDHAM (jointly as "Plaintiffs"), by Plaintiff's attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, to challenge the illegal actions of PINNACLE RECOVERY, INC. ("Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1682k. Jurisdiction for Plaintiffs' supplemental state law claims arises under 28 U.S.C. § 1367.

8. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq.; (ii) the Washington State Collection Agency Act, RCW 19.16, et seq.; and (iii) Washington's Consumer Protection Act, RCW 19,86, et seq.

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant conducted business within this judicial district at all times relevant, and Defendant's place of business is located in Carlsbad, California, which is located within the Southern District of California.

## PARTIES

11. Plaintiffs are natural persons who reside in the State of Washington, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and "debtors" as that term is defined by RCW 19.16.100(7).

12. Plaintiffs are informed and believe, and thereon allege, that Defendant is a company whose State of Incorporation and principal place of business is California.

13. Plaintiffs are informed and believe, and thereon allege, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection and are therefore "debt collectors" as that term is

defined by 15 U.S.C. § 1692a(6) and an "out-of-state collection agency" as that term is defined by RCW 19.16.100(10).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5) and "claim" as that term is defined by RCW 19.16.100(2).

## BACKGROUND

15. As discussed herein, Plaintiffs' Class Action for Damages and Injunctive Relief seeks to remedy Defendant's unfair debt collection practice of failing to properly identify the original creditor of the alleged debt and illegally demanding payment of miscellaneous costs despite providing no information as to the origin or basis of the $3,957.74 in miscellaneous costs.

16. On information and belief, it is Defendant's policy and practice to add "miscellaneous costs" to consumer debts collected by Defendant.

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiffs are individuals residing within the State of Washington.

18. Plaintiffs are informed and believe, and thereon allege, that at all time relevant, Defendant conducted business in the State of California and the State of Washington by sending a debt collection letter to Plaintiffs at their Washington address.

19. In or about 2007, Plaintiffs allegedly incurred timeshare financial obligations to the original creditor, Asyn, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(6).

///

20. Plaintiffs' alleged debt was allegedly incurred for personal, family and household purposes.

21. Sometime thereafter, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs take no position as to whether or not this alleged debt was actually owed.

22. Sometime prior to May 19, 2014, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

23. As a result of the alleged transfer, Plaintiff received an initial written collection letter from Defendant and/or Defendant's agents regarding the alleged debt. This initial letter was a "communication" as 15 U.S.C. § 1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

24. Specifically, Plaintiff received written communication from Defendant and/or Defendant's agents dated May 19, 2014 attempting to collect Plaintiff's alleged debt.

### "MISC COSTS"

25. Defendant's May 19, 2014 written communication identified alleged "Misc Costs" of $3,957.74.

26. However, Defendant provides no basis or information surrounding these additional alleged charges due by Plaintiffs.

27. Through this conduct of demanding payment for unsubstantiated costs, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiffs' alleged debt.

28. Through this conduct of demanding payment for unsubstantiated costs of $3,957.74 in addition to the alleged debt owed by Plaintiffs, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of Plaintiffs' alleged debt.

///

29. Through this conduct of demanding payment for unsubstantiated costs of $3,957.74 in addition to the alleged debt owed by Plaintiffs, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiffs' alleged debt.

30. Through this conduct of demanding payment for unsubstantiated costs of $3,957.74 in addition to the alleged debt owed by Plaintiffs, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt.

31. Through this conduct of demanding payment for unsubstantiated costs of $3,957.74 in addition to the alleged debt owed by Plaintiffs, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiffs' alleged debt nor permitted by law.

32. Through this conduct of demanding payment for unsubstantiated costs of $3,957.74 in addition to the alleged debt owed by Plaintiffs, Defendant violated RCW 19.16.250(15) by representing to Plaintiffs that the existing obligation has been increased by the addition of miscellaneous fees or charges when in fact such fees or charges may not legally be added to the existing obligation of Plaintiffs.

33. Through this conduct of demanding payment for unsubstantiated costs of $3,957.74 in addition to the alleged debt owed by Plaintiffs, Defendant violated RCW 19.16.250(8)(c) by failing to properly identify and substantiate the $3,957.74 in miscellaneous costs.

### CREDITOR

34. Defendant's May 19, 2014 letter to Plaintiffs states the alleged debt is "Regarding: Tahiti Village Phase 2."

35. 15 U.S.C. § 1692g(a)(2) requires initial debt collection communications to include identify the name of the creditor to whom the alleged debt is owed.

36. Defendant's letter fails to identify any creditor, let alone the creditor to whom the alleged debt is owed.
37. Further, Defendant did not, as required by 15 U.S.C. § 1692g(a), provide Plaintiffs with the name of the creditor to whom the alleged debt is owed.
38. Through this conduct of failing to identify the creditor to whom the alleged debt is owed, and then failing to furnish the creditor information within five days of the initial contact with Plaintiffs, Defendant violated 15 U.S.C. § 1692g.
39. Through this conduct of failing to identify the original creditor to whom the alleged debt is owed, Defendant violated RCW 19.16.250(8)(b).

## CLASS ALLEGATIONS

40. Plaintiffs bring this action on their own behalf, and on behalf of all others similarly situated ("The Class").
41. Plaintiffs represent, and are members of, "The Class" defined as follows: (i) all persons with a Washington address; (ii) from whom Defendant attempted to collect a debt; (iii) who had miscellaneous costs added by Defendant to the amount of the alleged debt that had not been added by the alleged owner of the debt prior to the purchase by Defendant; and/or (iv) where Defendant failed to identify the creditor to whom the alleged debt is owed; (v) at any time one year prior to the date of the filing of this Action.
42. Defendant and their employees or agents are excluded from the Class.
43. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.
44. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.
45. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Class. The questions of law and fact

common to the Class predominates over questions affecting only individual class members, and include, but are not limited to, the following:
   a. Whether Defendant engages in a practice of adding miscellaneous costs to debts, that had not been added by the alleged owners of the debts;
   b. Whether Defendant engages in a practice of failing to identify the creditor to whom the alleged debt is owed;
   c. Whether such practice violates the FDCPA;
   d. Whether members of the Class are entitled to the remedies under the FDCPA;
   e. Whether members of the Classes are entitled to declaratory relief; and,
   f. Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA.
46. Plaintiffs will fairly and adequately protect the interest of the Classes.
47. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.
48. Plaintiffs' claims are typical of the claims of the Class and The Sub-Class, which all arise from the same operative facts involving unlawful collection practices.
49. A class action is a superior method for the fair and efficient adjudication of this controversy.
50. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.
51. Class members are unlikely to prosecute such claims on an individual basis since the maximum statutory damage award of $1,000 is small.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.
///

52. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the class as a whole.
53. Members of The Class are likely to unaware of their rights.
54. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## CLASS CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

[Against All Defendants]

55. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.
56. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.
57. As a result of each and every violation of the FDCPA, Plaintiffs, and the members of The Class, are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### VIOLATION OF THE WASHINGTON STATE COLLECTION AGENCY ACT

### RCW § 19.16, et seq.

[Against All Defendants]

58. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.
59. The foregoing acts and omissions constitute numerous and multiple violations of the Washington State Collection Agency Act.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

60. Defendant is subject to RCW 19.16, et seq. because Defendant's collection activities against Plaintiffs render Defendant an "out-of-state collection agency" as defined by RCW 19.16.100(10), as Defendant, a California debt collector, attempted to collect alleged debts within Washington by means of interstate communications (here, via U.S. Mail) from Defendant's California location.

61. As a result of each and every violation of RCW 19.16.250, and pursuant to RCW 19.16.450, Defendant shall never be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to Plaintiffs, regardless of whether Defendant may legally seek to collect on a claim owed by Plaintiffs.

62. on such claim Plaintiffs, and the members of The Class, are entitled to any .

### COUNT III

### VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT

### RCW 19.86 ET SEQ.

[Against All Defendants]

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Pursuant to RCW 19.16.440, each and every one of Defendant's violations of RCW 19.16.250 constitutes unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW.

65. As a result of each and every violation of RCW 19.86, Plaintiffs, and the members of The Class, are entitled to injunctive relief; any actual damages suffered; and costs and reasonable fees attorneys' fees for bringing the action, pursuant to RCW.19.86.090.

66. Additionally, the court may award treble damages up to $25,000, pursuant to RCW 19.86.090.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and The Class Members prays for judgment as follows:

- Certifying the Class as requested herein;
- Providing such further relief as may be just and proper.

In addition, Plaintiff, The Class Members pray for further judgment as follows:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;
- an award of actual damages, in an amount to be determined at trial, pursuant to RCW 19.86.090, against Defendant;
- an award of attorneys' fees and costs pursuant to RCW 19.86.090 against Defendant;
- an award of treble damages of not more than $25,000 pursuant to RCW 19.86.090;
- a civil penalty
- for equitable and injunctive relief pursuant to RCW 19.86.090; and,
- any and all other relief that this Court deems just and proper.

///

///

///

///

///

///

///

**TRIAL BY JURY**

67. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff, The Class and The Sub-Class are entitled to, and demand, a trial by jury.

Dated:  February 6, 2015                              Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  _s/S. Abbas Kazerounian_
     S. ABBAS KAZEROUNIAN, ESQ.
     ATTORNEYS FOR PLAINTIFF